In re James J. VINCOLI, Jr., Debtor.

James J. VINCOLI, Jr., Plaintiff,

v.

BENEFICIAL FINANCE, Defendant.

James J. VINCOLI, Jr., Plaintiff,

v.

PERSONAL THRIFT, Defendant.

Bankruptcy No. 80–01185–BKC–TCB.
Adv. Nos. 80–0328–BKC–TCB–A,
80–0329–BKC–TCB–A.

United States Bankruptcy Court,
S. D. Florida.

Jan. 12, 1981.

Scott Kenney, Fort Pierce, Fla., for debtor/plaintiff.

### ORDER QUASHING SERVICE AND DIRECTING ISSUANCE OF ALIAS SUMMONS

THOMAS C. BRITTON, Bankruptcy Judge.

These adversary complaints seek to avoid liens on property of the debtor. Neither

defendant answered and plaintiff seeks entry of a default judgment in each of the cases. The matters were set for trial on January 6, 1981.

The certificates of service filed in each of the cases indicate that service was made by certified mail on the respective defendant corporations. (C. P. No. 3 in each file). This is not effective service under the Bankruptcy Rules which require that service by mail on a corporation be made by mailing a copy of the summons, complaint and notice by regular mail "... directed to the attention of an officer, a managing or general agent, ...". Bankruptcy Rule 704(c)(3). Service is, therefore, quashed without prejudice to the plaintiff's obtaining an alias summons in each of the cases from the Clerk of the Court which will, of course, set a new trial and answer date. Plaintiff may then attempt service in accordance with the rules. Upon proof of proper service, if the defendant fails to answer within the date specified by the summons, then default judgments shall be entered in favor of the plaintiff in each of these proceedings.